833 F.2d 1004
 126 L.R.R.M. (BNA) 3111
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FRANK CHERVAN, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 87-3566.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1987.
Decided: Nov. 19, 1987.
 
 Edward George Kemp (Roetzel & Andress, LPA on brief) for petitioner.
 Julie Broido, National Labor Relations Board (Louis J.D. 'Amico, Director, National Labor Relations Board, Rosemary M. Collyer, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel, Elliott Moore, Deputy Associate General Counsel on brief) for respondent.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frank Chervan, Inc. (Company) petitions to set aside an order of the National Labor Relations Board (Board) finding that it had violated sections 8(a)(5) and (1) of the National Labor Relations Act by refusing to furnish its employees' representative, the Amalgamated Clothing and Textile Workers' Union of the AFL-CIO (the Union), with information relevant to an employee grievance, and ordering it to provide the Union with the requested information. The Board cross-petitions for enforcement. We grant enforcement.
 
 
 2
 The information requested had to do with an employee grievance. The Union requested the information to determine whether it should pursue the grievance to arbitration. The Company asserts that it does not have to supply the requested information because the grievance in question has been definitively settled at a grievance level prior to arbitration. There was, however, evidence of procedural irregularities in the purported settlement and the Union asserts that the alleged settlement was invalid.
 
 
 3
 It is clear that the failure to furnish information pertinent to a Union's duty may be an unfair labor practice. See NLRB v. Acme Industrial Co., 385 U.S. 432 (1967); NLRB v. A.S. Asbell Co., 624 F.2d 506, 510 (4 Cir.1980). The information requested by the Union is unquestionably relevant to its duty to handle employee grievances. The scope of an employer's duty to provide relevant information is not defeated by the proffered defense that the dispute was closed where, as here, it is arguable that the settlement was not valid. The validity of the settlement is a question for the arbitrator, and the Board properly declined to adjudicate the question. In the interim the Company is not relieved of its duty to supply the requested information. See NLRB v. Safeway Stores, Inc., 622 F.2d 425 (9 Cir.1980). It follows that the failure to supply the information was a violation of section 8(a)(5) and (1) of the Act.
 
 
 4
 Enforcement Granted.